# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN BABU and JOSSIE BABU, his wife, | |
| Plaintiffs, | CIVIL ACTION NO. 3:11-CV-957 |
| v. | |
| WILLIAM DEAN and B & I Auto Supply, Inc., | (JUDGE CAPUTO) |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is the complaint of plaintiffs Stephen and Jossie Babu, filed May 18, 2011. (Doc. 1.) Because plaintiffs have failed to properly plead subject-matter jurisdiction, they will have twenty days (20) to cure this defect, after which time the complaint will be dismissed.

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir.1999). "It is ... well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir.1977); *see also* Fed R. Civ. P. 12(h)(3) (a court must dismiss an action if it determines it lacks subject matter jurisdiction).

Under 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ."  When diversity of citizenship provides the grounds for federal jurisdiction, "the pleadings should affirmatively disclose that such diversity exists." *Osthaus v. Button*, 70 F.2d 392, 392 (3d Cir. 1934). Complete diversity must exist between the adverse parties in the action; that is, the *citizenship* of each plaintiff must be diverse from that of each defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978), 373–74 (1978).  It is well established that the term "citizenship" is not synonymous with "resident."  *See Pa. House, Inc. v. Barrett*, 760 F.Supp. 439, 449 (M.D.Pa.1991) (McClure, J.) ("Although a party's residence is prima facie evidence of domicile, residency alone is insufficient to establish jurisdiction on the basis of diversity: two elements are necessary to establish domicile, residency coupled with an intent to continue to remain at that location.").  To properly allege diversity, a plaintiff must allege a defendant's state of citizenship, not merely of residence.

In this case, Plaintiffs allege the Court has jurisdiction pursuant to 28 U.S.C. § 1332, but the complaint fails to demonstrate that the requirements for diversity jurisdiction have been met.  Plaintiffs allege that both plaintiffs "reside" in Connecticut and that defendant William Dean "resides" in Pennsylvania. ( Id. ¶ 2.)  This is insufficient and plaintiffs have failed to establish the Court's subject-matter jurisdiction over this suit.

**NOW**, this ___24th___ day of May, 2010, **IT IS HEREBY ORDERED THAT** plaintiffs are granted **twenty days (20)** to amend their complaint in order to properly allege subject-matter jurisdiction.  If plaintiffs fail to properly amend within that time period, the complaint will be dismissed.

    /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge